```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO.10-23301-CIV-KING
                         MAGISTRATE JUDGE P.A. WHITE
```

GREGORY BUCKHOLTZ,            :

    Plaintiff,            :

v.                            :             <u>REPORT</u>
                                     <u>MAGISTRATE JUDGE</u>
JAMES MCNEIL, et al.          :                 (De#20)

    Defendants.           :
_____

## I. <u>Introduction</u>

Gregory Buckholtz filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983, while confined in the Dade Correctional Institution. He is proceeding <u>in forma pauperis</u>.

This Cause is before the Court upon a Motion to Dismiss filed by Defendants Zamora and Nyitray.

## II. <u>Analysis</u>

### A. <u>Applicable Law for Screening</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See <u>Fed.R.Civ.P.</u> 12(b)(6). The complaint may be dismissed if the plaintiff fails to plead facts that state a claim to relief that is plausible on its face. See <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard

and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).

   B.  <u>Facts of Complaint</u>

   The plaintiff named James McNeil, Secretary of the Department of Corrections,[1] along with Dade Correctional Officers Raydel Zamora and Nyitray J. He claims that in October of 2009, he was placed in administrative confinement pending the writing of a disciplinary report charging him with spoken threats. He claims that Sgt. Zamora placed him in handcuffs to escort him to medical for a pre confinement physical. The Disciplinary Report stated Buckholtz became belligerent, and slammed his head into a door. The plaintiff states Zamora and Nyitray assaulted him, repeatedly slamming his face into the door, and that Nyitray repeatedly punched him in the face and rib cage, for which he received some medical attention.

---

[1] James McNeil has been replaced by Edwin Buss.

He added additional defendants Officer Milhomme, whom he claims wrote a disciplinary report as a coverup of the assault, Officer Williams, who opened a door to medical where he was assaulted and was a witness, Nurse German who witnessed his bruises, and Captain Harrell whose statements in the investigation weren't true. He further contended that Inspector Ryan was informed of the incident, but the plaintiff did not receive a response. The plaintiff seeks an investigation, criminal charges against the defendants, dismissal of his disciplinary reports 09-174 and 09-1182, and monetary compensation.

Upon initial screening, it was found that the plaintiff has minimally stated a claim of excessive force against Officers Zamora and Nyitray. An allegation of an unjustified, brutal use of force against an inmate by a guard states a claim under §1983. Perry v Thompson, 786 F.2d 1093 (11 Cir. 1986). At this preliminary stage it is difficult to determine whether the plaintiff injured himself or was assaulted by Zamora and Nyitray. It was recommended that the case proceed against Officers Zamora and Nyitray on the claim of use of unlawful force.

The Report recommended dismissal of Milhomme and Harrell for failure to state a claim against these defendants. The Report further recommended that the claims against Officers Williams, and Nurse German be dismissed as too conclusory, citing to Twombly. It was recommended that James McNeil, clearly named in his supervisory status as Secretary of the Department of Corrections, be dismissed. Lastly, it was recommended that the claims related to his disciplinary confinement be dismissed. The Report was adopted,

and the defendants were served. On February 9, 2011, the defendants filed a motion to dismiss.

### Defendants' Motion to Dismiss

The defendants argue that the complaint should be dismissed for the following reasons: 1) the complaint is missing pages, 2) the plaintiff fails to state a cause of action for retaliation, 3) the defendants may not be sued in their official capacity.

### Analysis

The defendants correctly state that the plaintiff's statement seeking injunctive relief as authorized by 28 U.S.C. §2283, is an unfinished sentence. Further, on page 11 of the complaint, the plaintiff left a sentence concerning Ms. German unfinished. However, neither one of these defects are a fatal flaw requiring the dismissal of this pro-se complaint. The plaintiff named German as witnessing his bruises, and she was dismissed as a defendant. The fact that the plaintiff failed to add further authorization for his request for injunctive relief does not mandate dismissal.

The defendants second argument is that the plaintiff failed to state a cause of action for retaliation. In the Preliminary Report, adopted on December 9, 2010, it was recommended that this case proceed against the defendants on the sole claim of use of unlawful force against the plaintiff. All other claims were dismissed. The sole issue remaining in this case is whether the defendants' alleged use of force against the plaintiff was justified.

Lastly, the defendants correctly argue that the plaintiff has not specified whether he intends to sue the defendant officers in their individual and official capacities. A §1983 suit against the defendants in their official capacity is tantamount to a suit against the State, and thus the defendants would be immune from monetary damages based upon the Eleventh Amendment. <u>Gamble v. Fla. Dept. of Health and Rehabilitative Services</u>, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of officials acting outside the scope of their duties and in an arbitrary manner. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendants solely in their individual capacity.

## III. <u>Recommendation</u>

The defendants' Motion to Dismiss (DE#20) be denied, with the exception that the claim of use of unlawful force shall proceed against Officers Zamora and Nyitray solely in their individual capacity.

Objections to this Report may be filed with the District Judge within fourteen days following receipt.

Dated at Miami, Florida, this 13th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Gregory Buckholtz, Pro se
      645932
      Martin Correctional Institution
      Address of record

      Anne McDonough, Asst Attorney General
      Tallahassee, FL
      Address of record
```